# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

_____

TERESA L. CASKEY,

      Plaintiff,

vs.                                                                     Civ. No. 98-337 JP/LFG

CRESCENT COMMUNICATIONS,
G.P., INC.

      Defendant.


## MEMORANDUM OPINION AND ORDER OF REMAND

This matter comes before me *sua sponte*. Having reviewed the pleadings filed in this case and the applicable law, I conclude that I lack subject matter jurisdiction and must remand this case to the Second Judicial District Court, County of Bernalillo, State of New Mexico.[1]

### Background

On February 6, 1998, plaintiff Teresa Caskey filed suit against defendant Crescent Communications, G.P., Inc. in the Second Judicial District Court, County of Bernalillo, State of New Mexico asserting claims based solely on New Mexico law. On February 17, 1998, plaintiff

_____

[1]Plaintiff filed a motion to remand (Doc. No. 2) based on an argument which is senseless. Plaintiff argues that "diversity jurisdiction is destroyed" because defendant is a "Delaware corporation licensed to do business in the state of New Mexico." *See* Motion to Remand ¶ 5. The mere fact that a corporation is licensed to do business in a particular state does not make it a citizen of that state for diversity purposes unless that state is: (1) its principal place of business, or (2) the state of incorporation. Plaintiff mentions that defendant was incorporated in Delaware, but fails to specify which state represents defendant's principal place of business. In addition, Plaintiff neglects to mention the proper reason for remanding this case: the fact that I lack subject matter jurisdiction under *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert. denied*, 516 U.S. 863, as explained later in this opinion.

filed an amended complaint requesting compensatory damages, punitive damages, costs and

"other legal and equitable relief as the Court may deem just and proper."  Amended Complaint

p. 12.  Nowhere in Ms. Caskey's complaint does she quantify her request for damages.

On March 19, 1998, defendant removed this action to this court under 28 U.S.C. § 1441

alleging diversity jurisdiction under 28 U.S.C. § 1332(a)(1).  In particular, defendant alleges that:

> 8.      Plaintiff seeks damages in excess of $75,000 for "Breach of Contract", "Breach of
> Implied Consent of Good Faith and Fair Dealing", "Negligent Training and
> Negligent Supervision and Negligent Retention" and "Respondeat Superior",
> "Constructive Retaliatory Discharge (Prima Facie State Tort)".

Notice of Removal at ¶ 8.  The Notice of Removal also states that "The United States District

Court for the District of New Mexico has original jurisdiction over the above-entitled action

based upon diversity pursuant to 28 U.S.C. § 1331(a)(1) [sic].  The action may therefore be

removed to federal court according to 28 U.S.C. § 1441(a)."  Notice of Removal at ¶ 9.

### Discussion

"'A court lacking jurisdiction ... must dismiss the cause at any stage of the proceedings in

which it becomes apparent that jurisdiction is lacking.'"  *Laughlin v. Kmart Corp.*, 50 F.3d 871,

873 (10th Cir.),  *cert. denied*, 516 U.S. 863 (1995) (citations omitted).

In order for diversity jurisdiction to exist, 28 U.S.C. § 1332(a) requires that the amount in

controversy exceed $75,000.  "The burden is on the party requesting removal to set forth, in the

notice of removal itself, the 'underlying facts supporting [the] assertion that the amount in

controversy exceeds'" $75,000. *Laughlin*, 50 F.3d at 873 (quoting *Gaus v. Miles, Inc.*, 980 F.2d

564, 567 (9th Cir. 1992)).  Furthermore, "there is a presumption against removal jurisdiction."

*Laughlin,* 50 F.3d at 873 (citing *Gaus*, 980 F.2d at 567).

In *Laughlin*, the Court of Appeals for the Tenth Circuit found:

> Neither Laughlin's [complaint] nor Kmart's notice of removal establishes the
> requisite jurisdictional amount in this case. The [complaint] merely alleges that the
> amount in controversy is in excess of $10,000 for each of two claims ....  Kmart
> sets forth facts in its jurisdictional brief alleging that at the time of removal the
> amount in controversy was well above the jurisdictional minimum of $50,000.
> Kmart failed, however, to include any of these facts in its notice of removal ....
> Moreover, Kmart's economic analysis of Laughlin's claims for damages, prepared
> after the motion for removal and purporting to demonstrate the jurisdictional
> minimum, does not establish the existence of jurisdiction at the time the motion
> was made.  Both the requisite amount in controversy and the existence of diversity
> must be affirmatively established on the face of either the [complaint] or the
> removal notice.

*Laughlin*, 50 F.3d at 873.

Here, Ms. Caskey's complaint does not quantify the amount of damages sought.  Similar

to the defendant in *Gaus,* Defendant's notice of removal merely states that "plaintiff seeks

damages in excess of $75,000."   Neither the complaint nor the notice of removal, however, set

forth the "'**underlying facts** supporting [the] assertion that the amount in controversy exceeds'"

$75,000.  *Laughlin*, 50 F.3d at 873 (quoting *Gaus,* 980 F.2d at 567) (emphasis added).

Therefore, I lack subject matter jurisdiction.

Although it may seem that the Tenth Circuit has established a hypertechnical pleading

standard, I am, nevertheless, required to apply it.  *See, e.g., Bartels v. Hecker*, No. 93-2266, 1995

WL 24911, at *3 (10th Cir. Jan. 23, 1995).

Because this action was removed, 28 U.S.C. § 1447(c) governs its disposition in this

court.  That section provides that "[i]f at any time before final judgment it appears that the district

court lacks subject matter jurisdiction, the case shall be remanded."  Thus, remand is appropriate

in this instance.

3

IT IS THEREFORE ORDERED that this case is hereby remanded to the Second Judicial

District Court, County of Bernalillo, State of New Mexico

_____
UNITED STATES DISTRICT COURT JUDGE